IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-282 |
| IMOLEAYO SAMUEL AINA | : | |

## GUILTY PLEA MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Patrick Brown, Assistant United States Attorney, respectfully submits this change of plea memorandum.

**I.      INTRODUCTION**

On January 4, 2023, Victim 1, a resident of the Eastern District of Pennsylvania, died by suicide after being extorted by an online persona operated by the defendant, Imoleayo Samuel Aina. Aina is a Nigerian national. He was identified by the FBI and extradited to the United States to face charges of wire fraud, in violation of 18 U.S.C. § 1343; cyberstalking resulting in death in violation of 18 U.S.C. § 2261A; interstate threat to injure reputation in violation of 18 U.S.C. § 875(d); receiving proceeds of extortion in violation of 18 U.S.C. § 880; and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. Aina agreed to plead guilty to each of these crimes pursuant to a plea agreement. A change of plea hearing has been scheduled for May 5, 2025 at 2:30 p.m. Co-defendant Samuel Olasunkanmi Abiodun has pleaded guilty and awaits sentencing, and co-defendant Afeez Olatunji Adewale is detained in Nigeria in connection with extradition proceedings.

1

## II. ELEMENTS OF THE OFFENSES

### A. Wire Fraud, 18 U.S.C. § 1343

To establish a violation of 18 U.S.C. § 1343, the government must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. The defendant acted with the intent to defraud; and

3. In advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

*Third Circuit Model Jury Instruction* 6.18.1343 (2024).

### B. Cyberstalking Resulting in Death, 18 U.S.C. § 2261A

To establish a violation of 18 U.S.C. § 2261A, the government must prove the following elements beyond a reasonable doubt:

1. That the defendant used…any interactive communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

2. That the defendant did so with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person;

3. That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that

    a. …
    b. Caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person….

4. That the defendant's conduct resulted in the death of the victim.

*Pattern Jury Instr. (Criminal)*, 5th Cir., 2.86B (2019).

### C. Interstate Threat to Injure Reputation, 18 U.S.C. § 875

To establish a violation of 18 U.S.C. § 875, the government must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly sent a message in interstate or foreign commerce containing a true threat to damage the reputation of another; and

2. The defendant did so with the intent to extort money or something of value to the defendant.

*Pattern Crim. Jury Instr. 11th Cir*. O30.4 (2024).

### D. Money Laundering Conspiracy, 18 U.S.C. § 1956(h)

To establish a violation of 18 U.S.C. § 1956(h), the government must prove that the defendants conspired to violate 18 U.S.C. § 1956(a)(1)(B)(i), which requires proof of the following elements beyond a reasonable doubt:

The elements of the conspiracy are:

1. That two or more persons agreed to commit an offense against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and;

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

*Third Circuit Model Jury Instruction* 6.18.371A (2021)

The elements of the money laundering offense are:

1. On or about the dates alleged in the indictment, the defendant conducted or attempted to conduct a financial transaction, which affected interstate commerce;

3

2. That the defendant conducted the financial transaction with the proceeds of a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343;

3. That the defendant knew the transaction involved the proceeds of some form of unlawful activity; and

4. That the defendant conducted the financial transaction with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud.

*Third Circuit Model Jury Instruction* 6.18.1956A (2024).

### E. Receiving Proceeds of Extortion, 18 U.S.C. § 880

To establish a violation of 18 U.S.C. § 880, the government must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly received, possessed, concealed, and disposed of money and other property;

2. That property was obtained from the commission of a violation of 18 U.S.C. § 875(d);

3. The defendant knew the property to have been unlawfully obtained.

## III. **MAXIMUM PENALTY**

**Counts One through Four** (18 U.S.C. § 1343 (wire fraud)): 20 years' imprisonment; three years' supervised release; a $250,000 fine; and a $100 special assessment per count of conviction.

**Count Five** (18 U.S.C. § 2261A (cyberstalking resulting in death)): life imprisonment; five years' supervised release; a $250,000 fine; and a $100 special assessment.

**Count Six** (18 U.S.C. § 875(d) (interstate threat to injure reputation)): 2 years' imprisonment; one year supervised release; a $250,000 fine; and a $100 special assessment.

**Count Seven** (18 U.S.C. § 1956(h) (money laundering conspiracy)): 20 years' imprisonment; three years' supervised release; a $500,000 fine; and a $100 special assessment.

**Count Eight** (18 U.S.C. § 880 (receiving proceeds of extortion)): 3 years' imprisonment; one year supervised release; a $250,000 fine; and a $100 special assessment.

In total, the defendant faces life imprisonment; 5 years' supervised release; a $2,250,000 fine; and an $800 special assessment.   Full restitution of as much as $3,250 also may be ordered.   Forfeiture of any property, real or personal, involved in the violation of law and any such property traceable to such property also may be ordered.   The defendant shall be removed from the United States at the conclusion of his sentence.

## IV.     GUILTY PLEA AGREEMENT

The plea agreement contains the defendant's agreement to plead guilty to Counts One through Eight of the Indictment. The plea is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with an agreement that a sentence of between 52 and 72 months' imprisonment is the appropriate disposition of this case.   The parties agree and stipulate that a four-level increase in offense level is appropriate under USSG § 2A6.2(b)(1)(B) and (E) because the victim suffered bodily injury and the offense involved a pattern of threatening or harassing the same victim; an increase in offense level of between four and seven levels is appropriate under USSG § 5K2.1 because the offense resulted in the death of the victim; that the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a); and that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).   The plea agreement

contains the standard appellate waiver terms, which severely limit the defendant's avenues for an appeal. The plea agreement also notifies the defendant that his conviction will likely result in his removal from the United States and bar future entry.

## V.      FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would prove the following facts:

From at least January 2023 to April 2023, defendant Imoleayo Samuel Aina and co-defendants Samuel Olasunkanmi Abiodun and Afeez Olatunji Adewale engaged in a wire fraud scheme and a conspiracy to commit money laundering. On January 3-4, 2023, Aina committed the crimes of cyberstalking resulting in death, interstate threat to injure reputation, and receiving the proceeds of extortion. He posed as a young woman to contact Victim 1 through social media and enticed Victim 1 to generate sexually explicit images. Aina then blackmailed Victim 1 by repeatedly threatening to disseminate those images unless Victim 1 paid money. Victim 1 made a number of payments in an attempt to comply with Aina's demands, but Aina demanded still more money. As a result of Aina's harassment and extortion, Victim 1 died by suicide on January 4, 2023.

In April 2023, an undercover FBI employee posing as a friend of Victim 1 reached out to one of the online accounts – controlled by Aina – which had been used to extort Victim 1. The undercover FBI employee was directed to send a payment using the cryptocurrency Bitcoin to a certain cryptocurrency wallet. The FBI tracked that Bitcoin payment, and learned that the Bitcoin was transferred to a second cryptocurrency wallet controlled by Abiodun. After Abiodun was arrested in Nigeria, he participated in a Mirandized interview with FBI employees.

During that interview, Abiodun admitted to receiving Bitcoin payments on Aina's behalf, and then paying Aina.

## VI. CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for a guilty plea by the defendant to Counts One through Eight of the Indictment. The government therefore respectfully requests that the Court find that the defendant's guilty plea is being tendered to the Court voluntarily, knowingly, and intelligently, and is supported by the requisite factual basis.

Respectfully submitted,

DAVID METCALF
United States Attorney


 /s/ Patrick Brown
PATRICK BROWN
Assistant United States Attorney

Dated:   May 2, 2025

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Guilty Plea Memorandum has been served by electronic mail upon the following:

>Jeremy Isard, Esquire
>James McHugh, Esquire

>_/s/ Patrick Brown_
>PATRICK BROWN
>Assistant United States Attorney

Dated: May 2, 2025